**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| HILL-ROM SERVICES, INC., HILL-ROM COMPANY, INC., and HILL-ROM MANUFACTURING, INC. | ) ) ) ) |
| Plaintiffs, | ) )  Case No.  11-cv-251 ) ) **JURY TRIAL DEMANDED** |
| v. | ) ) |
| STRYKER CORPORATION d/b/a STRYKER MEDICAL, and STRYKER SALES CORPORATION | ) ) ) ) |
| Defendants. | |

**COMPLAINT**

Plaintiffs Hill-Rom, Services, Inc. ("HRS"), Hill-Rom Company, Inc. ("HRC"), and Hill-Rom Manufacturing, Inc. ("HRM") (collectively, "Hill-Rom") for their Complaint against Defendants Stryker Corporation d/b/a Stryker Medical ("Stryker Medical") and Stryker Sales Corporation ("Stryker Sales") (collectively, "Stryker"), allege as follows:

**NATURE OF THE ACTION**

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq* and seeks damage and injunctive relief as provided in 35 U.S.C. §§ 271 and 281-285.

## PARTIES

2.      Plaintiff HRS is a corporation organized under the laws of Indiana and having a principal place of business at 1069 State Route 46 East, Batesville, Indiana, 47006.

3.      Plaintiff HRC is a corporation organized under the laws of the state of Indiana and having a principal place of business at 1069 State Route 46 East, Batesville, Indiana, 47006.

4.      Plaintiff HRM is a corporation organized under the laws of the state of Indiana and having a principal place of business at 1069 State Route 46 East, Batesville, Indiana, 47006.

5.      On information and belief, Defendant Stryker Medical is a corporation organized under the laws of the state of Michigan with a principal place of business at 2825 Airview Boulevard, Kalamazoo, Michigan 49002.

6.      On information and belief, Defendant Stryker Sales Corporation is a corporation organized under the laws of the state of Michigan with a principal place of business at 2825 Airview Boulevard, Kalamazoo, Michigan 49002 and is registered to conduct business in the State of Wisconsin as a foreign business.

## JURISDICTION AND VENUE

7.      This action arises under the patent laws of the United States, Title 35, United States Code.

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      This Court has personal jurisdiction over Stryker because Stryker has satisfied Wisconsin Statute § 801.05 (2010).  Stryker conducts business in the State of Wisconsin and in this District on a regular basis.  Stryker sells and/or offers to sell products that are and have been

2

offered for sale, sold, purchased, and used within the State of Wisconsin and within this District. Stryker maintains a sales and service force within the District.  In addition, Stryker, directly and/or through its distribution networks, regularly places its products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in Wisconsin and in this District.

10.     Upon information and belief, Stryker's activities are deliberately engaged in the State of Wisconsin and within this District and have created continuous obligations between itself and the residents of the State of Wisconsin and this District.    Thus, Stryker has purposefully availed itself of the benefits of the State of Wisconsin and this District.

11.     Because Stryker has conducted infringing activities within this District and this Court has personal jurisdiction over Stryker, venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).

## BACKGROUND

12.     For more than 80 years, Hill-Rom has been a leading provider of medical technologies, including hospital beds and stretchers, to the healthcare industry.

13.     Hill-Rom's extensive product and service offering includes patient care beds and stretchers and ancillary products, therapeutic surfaces and devices, patient flow systems, nurse communication systems, headwalls and facility assessments.

14.     Under license from HRS, HRM manufactures Hill-Rom products and HRC sells and distributes Hill-Rom products.

15.     Stryker is a medical supply company that directly competes with Hill-Rom in the manufacture, sale, and distribution of patient care beds and stretchers to the healthcare industry.

16.     On information and belief, Stryker offers to sell and sells in the United States, including in this district, patient care beds under the names InTouch®, S3™, GoBed II®, and Epic II®.

17.     On information and belief, Stryker offers to sell and sells in the United States, including this district, ancillary patient care bed and stretcher products, including products under the name *i*Bed Awareness®, *i*Bed Wireless®, Chaperone®, XPRT® Therapy Mattress, and PositionPro® Patient Repositioning Mattress.

## PATENTS-IN-SUIT

18.     On June 30, 1998, U.S. Patent No. 5,771,511 ("the '511 patent"), entitled "Communication Network for a Hospital Bed" (Exhibit A), duly and legally issued on June 30, 1998.  By virtue of assignment, HRS owns all right, title, and interest to the '511 patent and has the right to sue and recover for past, present and future infringement.

19.     On July 3, 2007, U.S. Patent No. 7,237,287 ("the '287 patent"), entitled "Patient Care Bed With Network" (Exhibit B), duly and legally issued on July 3, 2007.  HRS owns all right, title, and interest to the '287 patent and has the right to sue and recover for past, present and future infringement.

20.     On August 4, 2009, U.S. Patent No. 7,568,246 ("the '246 patent"), entitled "Bed With a Networked Alarm" (Exhibit C), duly and legally issued on August 4, 2009.  HRS owns all right, title, and interest to the '246 patent and has the right to sue and recover for past, present and future infringement.

21.     On March 24, 2009, U.S. Patent No. 7,506,390 ("the '390 patent"), entitled "Patient Support Apparatus Having Controller Area Network" (Exhibit D), duly and legally

issued on March 24, 2009.  HRS owns all right, title, and interest to the '390 patent and has the right to sue and recover for past, present and future infringement.

22.     On April 21, 2009, U.S. Patent No. 7,520,006 ("the '006 patent"), entitled "Hospital Bed Including Moveable Foot Portion" (Exhibit E), duly and legally issued on April 21, 2009.  HRS owns all right, title, and interest to the '006 patent and has the right to sue and recover for past, present and future infringement.

23.     On March 2, 2010, U.S. Patent No. 7,669,263 ("the '263 patent"), entitled "Mattress Assembly Including Adjustable Length Foot" (Exhibit F), duly and legally issued on March 2, 2010.  HRS owns all right, title, and interest to the '263 patent and has the right to sue and recover for past, present and future infringement.

24.     On December 16, 1997, U.S. Patent No. 5,699,038 ("the '038 patent"), entitled "Bed Status Information System for Hospital Beds" (Exhibit G), duly and legally issued on December 16, 1997.  By virtue of assignment, HRS owns all right, title, and interest to the '038 patent and has the right to sue and recover for past, present and future infringement.

25.     On November 14, 2000, U.S. Patent 6,147,592 ("the '592 patent"), entitled "Bed Status Information System for Hospital Beds" (Exhibit H), duly and legally issued on November 14, 2000.  By virtue of assignment, HRS owns all right, title, and interest to the '592 patent and has the right to sue and recover for past, present and future infringement.

26.     On May 26, 2009, U.S. Patent No. 7,538,659 ("the '659 patent"), entitled "Bed Status Information System for Hospital Beds" (Exhibit I), duly and legally issued on May 26, 2009.  By virtue of assignment, HRS owns all right, title, and interest to the '659 patent and has the right to sue and recover for past, present and future infringement.

## COUNT I:  INFRINGEMENT OF THE '511 PATENT

27.     Hill-Rom incorporates paragraphs 1-26 as if fully set forth herein.

28.     Stryker has manufactured, used, imported, offered for sale, or sold patient care beds with a communications network, including at least the InTouch®, S3™, and/or GoBed II®, that directly infringe, either literally or under the doctrine of equivalents, at least claims 1, 9, 11, 12, 15, 43, 45, and 51 of the '511 patent.

29.      Stryker's manufacture, use, importation, offer for sale, or sale of patient care beds with a communications network, including at least the InTouch®, S3™, and/or GoBed II®, infringes, either literally or under the doctrine of equivalents, at least claims 1, 9, 11, 12, 15, 43, 45, and 51 of the '511 patent by contributing to and/or inducing the infringement.

30.     Hill-Rom has been damaged by Stryker's infringement, and will continue to suffer damage and irreparable injury unless and until the infringement is enjoined by this Court.

31.     Upon information and belief, Stryker is engaging in willful and deliberate infringement of the '511 patent.  Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT II:  INFRINGEMENT OF THE '287 PATENT

32.     Hill-Rom incorporates paragraphs 1-31 as if fully set forth herein.

33.     Stryker has manufactured, used, imported, offered for sale, or sold patient care beds with a communications network, including at least the InTouch®, S3™, and/or GoBed II®, that directly infringe, either literally or under the doctrine of equivalents, at least claims 1 and 12 of the '287 patent.

6

34.     Stryker's manufacture, use, importation, offer for sale, or sale of patient care beds with a communications network, including at least the InTouch®, S3™, and/or GoBed II®, infringes, either literally or under the doctrine of equivalents, at least claims 1 and 12 of the '287 patent by contributing to and/or inducing the infringement.

35.     Hill-Rom has been damaged by Stryker's infringement, and will continue to suffer damage and irreparable injury unless and until the infringement is enjoined by this Court.

36.     Upon information and belief, Stryker is engaging in willful and deliberate infringement of the '287 patent.  Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT III:  INFRINGEMENT OF THE '246 PATENT

37.     Hill-Rom incorporates paragraphs 1-36 as if fully set forth herein.

38.     Stryker has manufactured, used, imported, offered for sale, or sold patient care beds with a communications network and at least one alarm, including at least the InTouch®, S3™, and/or GoBed II® equipped with Chaperone®, that directly infringe, either literally or under the doctrine of equivalents, at least claims 1 and 16 of the '246 patent.

39.     Stryker's manufacture, use, importation, offer for sale, or sale of patient care beds with a communications network, including at least the InTouch®, S3™, and/or GoBed II® equipped with Chaperone®, infringes, either literally or under the doctrine of equivalents, at least claims 1 and 16 of the '246 patent by contributing to and/or inducing the infringement.

40.     Hill-Rom has been damaged by Stryker's infringement, and will continue to suffer damage and irreparable injury unless and until the infringement is enjoined by this Court.

7

41.    Upon information and belief, Stryker is engaging in willful and deliberate infringement of the '246 patent. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT IV:  INFRINGEMENT OF THE '390 PATENT

42.    Hill-Rom incorporates paragraphs 1-41 as if fully set forth herein.

43.    Stryker has manufactured, used, imported, offered for sale, or sold patient care beds with a mattress and a communications network, including at least the InTouch® equipped with the XPRT® Therapy mattress or with the PositionPro® Patient Positioning mattress that directly infringes, either literally or under the doctrine of equivalents, at least claims 1 and 22 of the '390 patent.

44.     Stryker's manufacture, use, importation, offer for sale, or sale of patient care beds with a mattress and a communications network, including at least the InTouch® equipped with the XPRT® Therapy mattress or the PositionPro® Patient Positioning mattress, infringes, either literally or under the doctrine of equivalents, at least claims 1 and 22 of the '390 patent by contributing to and/or inducing the infringement.

45.    Hill-Rom has been damaged by Stryker's infringement, and will continue to suffer damage and irreparable injury unless and until the infringement is enjoined by this Court.

46.    Upon information and belief, Stryker is engaging in willful and deliberate infringement of the '390 patent. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this

action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

<u>**COUNT V:  INFRINGEMENT OF THE '006 PATENT**</u>

47.    Hill-Rom incorporates paragraphs 1-46 as if fully set forth herein.

48.    Stryker has manufactured, used, imported, offered for sale, or sold patient care beds with a communications network, including at least the InTouch® and the GoBed II® equipped with a scale, that directly infringes, either literally or under the doctrine of equivalents, at least claims 5 and 14 of the '006 patent.

49.     Stryker's manufacture, use, importation, offer for sale, or sale of patient care beds with a communications network, including at least the InTouch® and/or the GoBed II® equipped with a scale, infringes, either literally or under the doctrine of equivalents, at least claims 5 and 14 of the '006 patent by contributing to and/or inducing the infringement.

50.    Hill-Rom has been damaged by Stryker's infringement, and will continue to suffer damage and irreparable injury unless and until the infringement is enjoined by this Court.

51.    Upon information and belief, Stryker is engaging in willful and deliberate infringement of the '006 patent.  Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

<u>**COUNT VI:  INFRINGEMENT OF THE '263 PATENT**</u>

52.    Hill-Rom incorporates paragraphs 1-51 as if fully set forth herein.

53.    Stryker has manufactured, used, imported, offered for sale, or sold patient care beds with a communications network, including at least the InTouch®, S3™, and/or GoBed II®

equipped with Chaperone® or with a scale, that directly infringes, either literally or under the doctrine of equivalents, at least claim 1 of the '263 patent.

54.    Stryker's manufacture, use, importation, offer for sale, or sale of patient care beds with a communications network, including at least the InTouch®, S3™, and/or GoBed II® equipped with Chaperone® or with a scale, infringes, either literally or under the doctrine of equivalents, at least claim 1 of the '263 patent by contributing to and/or inducing the infringement.

55.    Hill-Rom has been damaged by Stryker's infringement, and will continue to suffer damage and irreparable injury unless and until the infringement is enjoined by this Court.

56.    Upon information and belief, Stryker is engaging in willful and deliberate infringement of the '263 patent.  Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT VII:  INFRINGEMENT OF THE '038 PATENT

57.    Hill-Rom incorporates paragraphs 1-56 as if fully set forth herein.

58.    Stryker has manufactured, used, imported, offered for sale, or sold patient care beds with a bed status information system, including at least the InTouch®, S3™, and/or Epic II® equipped with the *i*Bed Awareness® System and/or *i*Bed Wireless® and tied into a remote data reporting system, that directly infringes, either literally or under the doctrine of equivalents, at least claims 1, 19, and 26 of the '038 patent.

59.    Stryker's manufacture, use, importation, offer for sale, or sale of patient care beds with a bed status information system, including at least the InTouch®, S3™, and/or Epic

10

II® equipped with the *i*Bed Awareness® System and/or *i*Bed Wireless® and configured to tie into a remote data reporting system, infringes, either literally or under the doctrine of equivalents, at least claims 1, 19, and 26 of the '038 patent by contributing to and/or inducing the infringement.

60.     Hill-Rom has been damaged by Stryker's infringement, and will continue to suffer damage and irreparable injury unless and until the infringement is enjoined by this Court.

61.     Upon information and belief, Stryker is engaging in willful and deliberate infringement of the '038 patent.  Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT VIII:  INFRINGEMENT OF THE '592 PATENT

62.     Hill-Rom incorporates paragraphs 1-61 as if fully set forth herein.

63.     Stryker has manufactured, used, imported, offered for sale, or sold patient care beds with a bed status information system, including at least the InTouch®, S3™, and/or Epic II® equipped with the *i*Bed Awareness® System and/or *i*Bed Wireless® and tied into a remote data reporting system, that directly infringes, either literally or under the doctrine of equivalents, at least claims 1 and 14 of the '592 patent.

64.      Stryker's manufacture, use, importation, offer for sale, or sale of patient care beds with a bed status information system, including at least the InTouch®, S3™, and/or Epic II® equipped with the *i*Bed Awareness® System and/or *i*Bed Wireless® and configured to tie into a remote data reporting system, infringes, either literally or under the doctrine of

equivalents, at least claims 1 and 14 of the '592 patent by contributing to and/or inducing the infringement.

65.     Hill-Rom has been damaged by Stryker's infringement, and will continue to suffer damage and irreparable injury unless and until the infringement is enjoined by this Court.

66.     Upon information and belief, Stryker is engaging in willful and deliberate infringement of the '592 patent.  Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT IX:  INFRINGEMENT OF THE '659 PATENT

67.     Hill-Rom incorporates paragraphs 1-66 as if fully set forth herein.

68.     Stryker has manufactured, used, imported, offered for sale, or sold patient care beds with a bed status information system and a bed exit detection system, including at least the InTouch®, S3™, and/or Epic II® equipped with the *i*Bed Awareness® System and/or *i*Bed Wireless® and Chaperone® and tied into a remote data reporting system, that directly infringes, either literally or under the doctrine of equivalents, at least claim 8 of the '659 patent.

69.      Stryker's manufacture, use, importation, offer for sale, or sale of patient care beds with a bed exit detection system, including at least the InTouch®, S3™, and/or Epic II® equipped with equipped with *i*Bed Awareness® System and/or *i*Bed Wireless® and Chaperone® and configured to tie into a remote data reporting system, infringes, either literally or under the doctrine of equivalents, at least claim 8 of the '659 patent by contributing to and/or inducing the infringement.

12

70.     Hill-Rom has been damaged by Stryker's infringement, and will continue to suffer damage and irreparable injury unless and until the infringement is enjoined by this Court.

71.     Upon information and belief, Stryker is engaging in willful and deliberate infringement of the '659 patent.  Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## JURY TRIAL

72.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Hill-Rom prays for judgment as follows:

A.     Declare that United States Patent Nos. 5,771,511;  7,237,287;  7,568,246; 7,506,390;  7,520,006;  7,669,263;  5,699,038;  6,147,592;  and 7,538,659 are valid, enforceable, and infringed by Stryker, and that Stryker's infringement is willful;

B.     Declare that Stryker, its subsidiaries, parents, divisions, agents, servants, and employees are permanently enjoined from making, using, selling, offering for sale, importing, or distributing any beds, stretchers, or ancillary products that infringe, contribute to the infringement of, and/or induce infringement of United States Patent Nos. 5,771,511; 7,237,287; 7,568,246; 7,506,390; 7,520,006; 7,669,263; 5,699,038; 6,147,592; and 7,538,659;

C.     Declare that Hill-Rom be awarded judgment against Stryker for damages, together with interest and costs;

D.      Declare this case exceptional under 35 U.S.C. § 285 and award Hill-Rom its reasonable attorneys' fees, expenses and costs incurred in this action;

E.      Grant Hill-Rom such other and further relief as this Court may deem just and proper.


Dated: April 4, 2011                              ___/s/ Lynn M. Stathas_____
                                                  Mark A. Cameli
                                                  Lynn M. Stathas
                                                  David G. Hanson
                                                  REINHART, BOERNER, VAN DEUREN SC
                                                  22 East Mifflin Street, Suite 600
                                                  Madison, Wisconsin  53703
                                                  Telephone:  (608) 229-2200

                                                  David K. Callahan, P.C.
                                                  KIRKLAND & ELLIS LLP
                                                  300 North LaSalle Street
                                                  Chicago, Illinois  60654
                                                  Telephone: (312) 862-2000

                                                  *Attorneys for Hill-Rom, Services, Inc.,
                                                  Hill-Rom Company, Inc., and
                                                  Hill-Rom Manufacturing, Inc.*

Mary Zaug
Alicia Frostick
Adam Brausa
Karen Carroll
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000
*Of Counsel*