**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

_____
                                                     )
HILL-ROM SERVICES, INC.,                )
HILL-ROM COMPANY, INC., and       )
HILL-ROM MANUFACTURING, INC.   )
                                                     )
              Plaintiffs,                        )          Case No. 11-cv-251
                                                     )
       v.                                            )          JURY TRIAL DEMANDED
                                                     )
STRYKER CORPORATION d/b/a         )
STRYKER MEDICAL, and                  )
STRYKER SALES CORPORATION        )
                                                     )
              Defendants.                       )
_____)

**DEFENDANT STRYKER'S ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS TO PLAINTIFF HILL-ROM'S COMPLAINT**

Defendants Stryker Corporation and Stryker Sales Corporation (collectively "Stryker,"

unless otherwise specified) hereby answer the Complaint filed by Plaintiffs Hill-Rom Services,

Inc., Hill-Rom Company, Inc. and Hill-Rom Manufacturing, Inc. (collectively "Hill-Rom,"

unless otherwise specified) as follows:

**NATURE OF THE ACTION**

1.        This is an action for patent infringement arising under the patent laws of the

United States, 35 U.S.C. § 1 *et seq* and seeks damage and injunctive relief as provided in 35

U.S.C. §§ 271 and 281-285.

ANSWER: Stryker admits that Hill-Rom's Complaint purports to allege patent

infringement under the patent laws of the United States and that Hill-Rom's Complaint seeks

damage and injunctive relief.  Stryker denies all remaining allegations of this paragraph.

## PARTIES

2.      Plaintiff Hill-Rom Services, Inc. is a corporation organized under the laws of Indiana and having a principal place of business at 1069 State Route 46 East, Batesville, Indiana, 47006.

ANSWER: On information and belief, Stryker admits the allegations of this paragraph.

3.      Plaintiff Hill-Rom Company, Inc. is a corporation organized under the laws of the state of Indiana and having a principal place of business at 1069 State Route 46 East, Batesville, Indiana, 47006.

ANSWER: On information and belief, Stryker admits the allegations of this paragraph, but Stryker denies that this gives this Hill-Rom entity standing to bring these claims.

4.      Plaintiff Hill-Rom Manufacturing, Inc. is a corporation organized under the laws of the state of Indiana and having a principal place of business at 1069 State Route 46 East, Batesville, Indiana, 47006.

ANSWER: On information and belief, Stryker admits the allegations of this paragraph, but Stryker denies that this gives this Hill-Rom entity standing to bring these claims.

5.      On information and belief, Defendant Stryker Medical is a corporation organized under the laws of the state of Michigan with a principal place of business at 2825 Airview Boulevard, Kalamazoo, Michigan 49002.

ANSWER: Denied.  Stryker admits that Defendant Stryker Corporation is a corporation organized under the laws of the state of Michigan with a principal place of business at 2825 Airview Boulevard, Kalamazoo, Michigan 49002.

6.      On information and belief, Defendant Stryker Sales Corporation is a corporation organized under the laws of the state of Michigan with a principal place of business at 2825

2

Airview Boulevard, Kalamazoo, Michigan 49002 and is registered to conduct business in the State of Wisconsin as a foreign business.

ANSWER: Admitted.

## JURISDICTION AND VENUE

7.      This action arises under the patent laws of the United States, Title 35, United States Code.

ANSWER: Admitted.

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

ANSWER: Admitted.

9.      This Court has personal jurisdiction over Stryker because Stryker has satisfied Wisconsin Statute § 801.05 (2010).  Stryker conducts business in the State of Wisconsin and in this District on a regular basis.  Stryker sells and/or offers to sell products that are and have been offered for sale, sold, purchased, and used within the State of Wisconsin and within this District. Stryker maintains a sales and service force within the District.  In addition, Stryker, directly and/or through its distribution networks, regularly places its products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in Wisconsin and in this District.

ANSWER: Stryker admits that this Court has personal jurisdiction over Stryker Corporation and Stryker Sales Corporation.  Stryker admits that Stryker Sales Corporation conducts business in the State of Wisconsin and in this District.  Stryker admits that Stryker Sales Corporation sells and/or offers to sell products that are and have been purchased and used within the State of Wisconsin and within this District.  Stryker denies all remaining allegations of this paragraph.

3

10.     Upon information and belief, Stryker's activities are deliberately engaged in the State of Wisconsin and within this District and have created continuous obligations between itself and the residents of the State of Wisconsin and this District. Thus, Stryker has purposefully availed itself of the benefits of the State of Wisconsin and this District.

ANSWER: The allegations contained in paragraph 10 present legal conclusions to which no response is required.  To the extent that paragraph 10 contains any allegations to which Stryker must respond, Stryker denies such allegations.

11.     Because Stryker has conducted infringing activities within this District and this Court has personal jurisdiction over Stryker, venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).

ANSWER: Denied.

## BACKGROUND

12.     For more than 80 years, Hill-Rom has been a leading provider of medical technologies, including hospital beds and stretchers, to the healthcare industry.

ANSWER: Stryker lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and therefore denies them.

13.     Hill-Rom's extensive product and service offering includes patient care beds and stretchers and ancillary products, therapeutic surfaces and devices, patient flow systems, nurse communication systems, headwalls and facility assessments.

ANSWER: Stryker lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and therefore denies them.

14.      Under license from HRS, HRM manufactures Hill-Rom products and HRC sells and distributes Hill-Rom products.

4

ANSWER: Stryker lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph and therefore denies them.

15.     Stryker is a medical supply company that directly competes with Hill-Rom in the manufacture, sale, and distribution of patient care beds and stretchers to the healthcare industry.

ANSWER: Stryker admits that Stryker Corporation is a medical technology company that, *inter alia*, manufactures patient care beds and stretchers.  Stryker admits that Stryker Sales Corporation sells patient care beds and stretchers.  Stryker denies that Stryker Corporation or Stryker Sales Corporation directly competes with any Hill-Rom entity in the manufacture or distribution of patient care beds and stretchers to the healthcare industry.  On information and belief, Stryker admits that Stryker Sales Corporation and Hill-Rom Company, Inc. each sell patient care beds and stretchers to customers in the healthcare industry.  Stryker lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph and therefore denies them.

16.     On information and belief, Stryker offers to sell and sells in the United States, including in this district, patient care beds under the names InTouch®, S3™, GoBed II®, and Epic II®.

ANSWER: Stryker admits that Stryker Sales Corporation offers to sell and sells in the United States, including in this district, patient care beds under the names InTouch®, S3™, GoBed II®, and Epic II®.  Stryker denies all remaining allegations of this paragraph.

17.     On information and belief, Stryker offers to sell and sells in the United States, including this district, ancillary patient care bed and stretcher products, including products under the name *i*Bed Awareness® [sic], *i*Bed Wireless® [sic], Chaperone®, XPRT® Therapy Mattress, and PositionPro® Patient Repositioning Mattress.

ANSWER: Stryker admits that Stryker Sales Corporation offers to sell and sells in the United States, including in this district, products under the name *i*Bed® Awareness, *i*Bed® Wireless, Chaperone®, XPRT® Therapy Mattress, and PositionPro® Patient Repositioning Mattress.  Stryker denies all remaining allegations of this paragraph.

## PATENTS-IN-SUIT

18.     On June 30, 1998, U.S. Patent No. 5,771,511 ("the '511 patent"), entitled "Communication Network for a Hospital Bed" (Exhibit A), duly and legally issued on June 30, 1998.  By virtue of assignment, HRS owns all right, title, and interest to the '511 patent and has the right to sue and recover for past, present and future infringement.

ANSWER: Stryker admits that Exhibit A to the Complaint appears to be United States Patent No. 5,771,511 ("the '511 patent"), entitled "Communication Network for a Hospital Bed," and that based on the face of Exhibit A the '511 patent issued on June 30, 1998.  Stryker lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph and therefore denies them.

19.     On July 3, 2007, U.S. Patent No. 7,237,287 ("the '287 patent"), entitled "Patient Care Bed With Network" (Exhibit B), duly and legally issued on July 3, 2007.  HRS owns all right, title, and interest to the '287 patent and has the right to sue and recover for past, present and future infringement.

ANSWER: Stryker admits that Exhibit B to the Complaint appears to be United States Patent No. 7,237,287 ("the '287 patent"), entitled "Patient Care Bed With Network," and that based on the face of Exhibit B the '287 patent issued on July 3, 2007.  Stryker lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph and therefore denies them.

20.     On August 4, 2009, U.S. Patent No. 7,568,246 ("the '246 patent"), entitled "Bed With a Networked Alarm" (Exhibit C), duly and legally issued on August 4, 2009.  HRS owns all right, title, and interest to the '246 patent and has the right to sue and recover for past, present and future infringement.

ANSWER: Stryker admits that Exhibit C to the Complaint appears to be United States Patent No. 7,568,246 ("the '246 patent"), entitled "Bed With a Networked Alarm," and that based on the face of Exhibit C the '246 patent issued on August 4, 2009.  Stryker lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph and therefore denies them.

21.     On March 24, 2009, U.S. Patent No. 7,506,390 ("the '390 patent"), entitled "Patient Support Apparatus Having Controller Area Network" (Exhibit D), duly and legally issued on March 24, 2009.  HRS owns all right, title, and interest to the '390 patent and has the right to sue and recover for past, present and future infringement.

ANSWER: Stryker admits that Exhibit D to the Complaint appears to be United States Patent No. 7,506,390 ("the '390 patent"), entitled "Patient Support Apparatus Having Controller Area Network," and that based on the face of Exhibit D the '390 patent issued on March 24, 2009.  Stryker lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph and therefore denies them.

22.     On April 21, 2009, U.S. Patent No. 7,520,006 ("the '006 patent"), entitled "Hospital Bed Including Moveable Foot Portion" (Exhibit E), duly and legally issued on April 21, 2009.  HRS owns all right, title, and interest to the '006 patent and has the right to sue and recover for past, present and future infringement.

ANSWER: Stryker admits that Exhibit E to the Complaint appears to be United States

Patent No. 7,520,006 ("the '006 patent"), entitled "Hospital Bed Including Moveable Foot Portion," and that based on the face of Exhibit E the '006 patent issued on April 21, 2009. Stryker lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph and therefore denies them.

23.     On March 2, 2010, U.S. Patent No. 7,669,263 ("the '263  patent"), entitled "Mattress Assembly Including Adjustable Length Foot" (Exhibit F), duly and legally issued on March 2, 2010.  HRS owns all right, title, and interest to the '263 patent and has the right to sue and recover for past, present and future infringement.

ANSWER: Stryker admits that Exhibit F to the Complaint appears to be United States Patent No. 7,669,263 ("the '263 patent"), entitled "Mattress Assembly Including Adjustable Length Foot," and that based on the face of Exhibit F the '263 patent issued on March 2, 2010. Stryker lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph and therefore denies them.

24.     On December 16, 1997, U.S. Patent No. 5,699,038 ("the '038 patent"), entitled "Bed Status Information System for Hospital Beds" (Exhibit G), duly and legally issued on December 16, 1997.  By virtue of assignment, HRS owns all right, title, and interest to the '038 patent and has the right to sue and recover for past, present and future infringement.

ANSWER: Stryker admits that Exhibit G to the Complaint appears to be United States Patent No. 5,699,038 ("the '038 patent"), entitled "Bed Status Information System for Hospital Beds," and that based on the face of Exhibit G the '038 patent issued on December 16, 1997. Stryker lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph and therefore denies them.

25.     On November 14, 2000, U.S. Patent 6,147,592 ("the '592 patent"), entitled "Bed

Status Information System for Hospital Beds" (Exhibit H), duly and legally issued on November 14, 2000.  By virtue of assignment, HRS owns all right, title, and interest to the '592 patent and has the right to sue and recover for past, present and future infringement.

ANSWER: Stryker admits that Exhibit H to the Complaint appears to be United States Patent No. 6,147,592 ("the '592 patent"), entitled "Bed Status Information System for Hospital Beds," and that based on the face of Exhibit H the '592 patent issued on November 14, 2000.  Stryker lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph and therefore denies them.

26.     On May 26, 2009, U.S. Patent No. 7,538,659 ("the '659 patent"), entitled "Bed Status Information System for Hospital Beds" (Exhibit I), duly and legally issued on May 26, 2009.  By virtue of assignment, HRS owns all right, title, and interest to the '659 patent and has the right to sue and recover for past, present and future infringement.

ANSWER: Stryker admits that Exhibit I to the Complaint appears to be United States Patent No. 7,538,659 ("the '659 patent"), entitled "Bed Status Information System for Hospital Beds," and that based on the face of Exhibit I the '659 patent issued on May 26, 2009.  Stryker lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph and therefore denies them.

## COUNT I:  INFRINGEMENT OF THE '511 PATENT

27.     Hill-Rom incorporates paragraphs 1-26 as if fully set forth herein.

ANSWER: Stryker repeats and realleges its responses to paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28.     Stryker has manufactured, used, imported, offered for sale, or sold patient care beds with a communications network, including at least the InTouch®, S3™, and/or GoBed II®,

that directly infringe, either literally or under the doctrine of equivalents, at least claims 1, 9, 11, 12, 15, 43, 45, and 51 of the '511 patent.

ANSWER: Denied.

29.     Stryker's manufacture, use, importation, offer for sale, or sale of patient care beds with a communications network, including at least the InTouch®, S3™, and/or GoBed II®, infringes, either literally or under the doctrine of equivalents, at least claims 1, 9, 11, 12, 15, 43, 45, and 51 of the '511 patent by contributing to and/or inducing the infringement.

ANSWER: Denied.

30.     Hill-Rom has been damaged by Stryker's infringement, and will continue to suffer damage and irreparable injury unless and until the infringement is enjoined by this Court.

ANSWER: Denied.

31.     Upon information and belief, Stryker is engaging in willful and deliberate infringement of the '511 patent.  Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

ANSWER: Denied.

## COUNT II:  INFRINGEMENT OF THE '287 PATENT

32.     Hill-Rom incorporates paragraphs 1-31 as if fully set forth herein.

ANSWER: Stryker repeats and realleges its responses to paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33.     Stryker has manufactured, used, imported, offered for sale, or sold patient care beds with a communications network, including at least the InTouch®, S3™, and/or GoBed II®, that directly infringe, either literally or under the doctrine of equivalents, at least claims 1 and 12

10

of the '287 patent.

ANSWER: Denied.

34.     Stryker's manufacture, use, importation, offer for sale, or sale of patient care beds with a communications network, including at least the InTouch®, S3™, and/or GoBed II®, infringes, either literally or under the doctrine of equivalents, at least claims 1 and 12 of the '287 patent by contributing to and/or inducing the infringement.

ANSWER: Denied.

35.     Hill-Rom has been damaged by Stryker's infringement, and will continue to suffer damage and irreparable injury unless and until the infringement is enjoined by this Court.

ANSWER: Denied.

36.     Upon information and belief, Stryker is engaging in willful and deliberate infringement of the '287 patent.  Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

ANSWER: Denied.

## COUNT III:  INFRINGEMENT OF THE '246 PATENT

37.     Hill-Rom incorporates paragraphs 1-36 as if fully set forth herein.

ANSWER: Stryker repeats and realleges its responses to paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38.     Stryker has manufactured, used, imported, offered for sale, or sold patient care beds with a communications network and at least one alarm, including at least the InTouch®, S3™, and/or GoBed II® equipped with Chaperone®, that directly infringe, either literally or

11

under the doctrine of equivalents, at least claims 1 and 16 of the '246 patent.

ANSWER: Denied.

39.     Stryker's manufacture, use, importation, offer for sale, or sale of patient care beds with a communications network, including at least the InTouch®, S3™, and/or GoBed II® equipped with Chaperone®, infringes, either literally or under the doctrine of equivalents, at least claims 1 and 16 of the '246 patent by contributing to and/or inducing the infringement.

ANSWER: Denied.

40.     Hill-Rom has been damaged by Stryker's infringement, and will continue to suffer damage and irreparable injury unless and until the infringement is enjoined by this Court.

ANSWER: Denied.

41.     Upon information and belief, Stryker is engaging in willful and deliberate infringement of the '246 patent.  Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

ANSWER: Denied.

## COUNT IV:  INFRINGEMENT OF THE '390 PATENT

42.     Hill-Rom incorporates paragraphs 1-41 as if fully set forth herein.

ANSWER: Stryker repeats and realleges its responses to paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43.     Stryker has manufactured, used, imported, offered for sale, or sold patient care beds with a mattress and a communications network, including at least the InTouch® equipped with the XPRT® Therapy mattress [sic] or with the PositionPro® Patient Positioning

12

mattress [sic] that directly infringes, either literally or under the doctrine of equivalents, at least claims 1 and 22 of the '390 patent.

ANSWER: Denied.

44.    Stryker's manufacture, use, importation, offer for sale, or sale of patient care beds with a mattress and a communications network, including at least the InTouch® equipped with the XPRT® Therapy mattress [sic] or the PositionPro® Patient Positioning mattress [sic], infringes, either literally or under the doctrine of equivalents, at least claims 1 and 22 of the '390 patent by contributing to and/or inducing the infringement.

ANSWER: Denied.

45.    Hill-Rom has been damaged by Stryker's infringement, and will continue to suffer damage and irreparable injury unless and until the infringement is enjoined by this Court.

ANSWER: Denied.

46.    Upon information and belief, Stryker is engaging in willful and deliberate infringement of the '390 patent.  Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

ANSWER: Denied.

### COUNT V:  INFRINGEMENT OF THE '006 PATENT

47.    Hill-Rom incorporates paragraphs 1-46 as if fully set forth herein.

ANSWER: Stryker repeats and realleges its responses to paragraphs 1 through 46 of the Complaint as if fully set forth herein.

48.    Stryker has manufactured, used, imported, offered for sale, or sold patient

13

care beds with a communications network, including at least the InTouch® and the GoBed II® equipped with a scale, that directly infringes, either literally or under the doctrine of equivalents, at least claims 5 and 14 of the '006 patent.

ANSWER: Denied.

49.     Stryker's manufacture, use, importation, offer for sale, or sale of patient care beds with a communications network, including at least the InTouch® and/or the GoBed II® equipped with a scale, infringes, either literally or under the doctrine of equivalents, at least claims 5 and 14 of the '006 patent by contributing to and/or inducing the infringement.

ANSWER: Denied.

50.     Hill-Rom has been damaged by Stryker's infringement, and will continue to suffer damage and irreparable injury unless and until the infringement is enjoined by this Court.

ANSWER: Denied.

51.     Upon information and belief, Stryker is engaging in willful and deliberate infringement of the '006 patent.  Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

ANSWER: Denied.

## COUNT VI:  INFRINGEMENT OF THE '263 PATENT

52.     Hill-Rom incorporates paragraphs 1-51 as if fully set forth herein.

ANSWER: Stryker repeats and realleges its responses to paragraphs 1 through 51 of the Complaint as if fully set forth herein.

53.     Stryker has manufactured, used, imported, offered for sale, or sold patient care beds with a communications network, including at least the InTouch®, S3™, and/or GoBed II®

14

equipped with Chaperone® or with a scale, that directly infringes, either literally or under the doctrine of equivalents, at least claim 1 of the '263 patent.

ANSWER: Denied.

54.     Stryker's manufacture, use, importation, offer for sale, or sale of patient care beds with a communications network, including at least the InTouch®, S3™, and/or GoBed II® equipped with Chaperone® or with a scale, infringes, either literally or under the doctrine of equivalents, at least claim 1 of the '263 patent by contributing to and/or inducing the infringement.

ANSWER: Denied.

55.     Hill-Rom has been damaged by Stryker's infringement, and will continue to suffer damage and irreparable injury unless and until the infringement is enjoined by this Court.

ANSWER: Denied.

56.     Upon information and belief, Stryker is engaging in willful and deliberate infringement of the '263 patent.  Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

ANSWER: Denied.

## COUNT VII:  INFRINGEMENT OF THE '038 PATENT

57.     Hill-Rom incorporates paragraphs 1-56 as if fully set forth herein.

ANSWER: Stryker repeats and realleges its responses to paragraphs 1 through 56 of the Complaint as if fully set forth herein.

58.     Stryker has manufactured, used, imported, offered for sale, or sold patient care

beds with a bed status information system, including at least the InTouch®, S3™, and/or Epic II® equipped with the *i*Bed Awareness® System [sic] and/or *i*Bed Wireless® [sic] and tied into a remote data reporting system, that directly infringes, either literally or under the doctrine of equivalents, at least claims 1, 19, and 26 of the '038 patent.

ANSWER: Denied.

59.     Stryker's manufacture, use, importation, offer for sale, or sale of patient care beds with a bed status information system, including at least the InTouch®, S3™, and/or Epic II® equipped with the *i*Bed Awareness® System [sic] and/or *i*Bed Wireless® [sic] and configured to tie into a remote data reporting system, infringes, either literally or under the doctrine of equivalents, at least claims 1, 19, and 26 of the '038 patent by contributing to and/or inducing the infringement.

ANSWER: Denied.

60.      Hill-Rom  has been damaged by Stryker's infringement, and will continue to suffer damage and irreparable injury unless and until the infringement is enjoined by this Court.

ANSWER: Denied.

61.     Upon information and belief, Stryker is engaging in willful and deliberate infringement of the '038 patent.  Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

ANSWER: Denied.

## COUNT VIII:  INFRINGEMENT OF THE '592 PATENT

62.     Hill-Rom incorporates paragraphs 1-61 as if fully set forth herein.

ANSWER: Stryker repeats and realleges its responses to paragraphs 1 through 61 of the Complaint as if fully set forth herein.

63.      Stryker has manufactured, used, imported, offered for sale, or sold patient care beds with a bed status information system, including at least the InTouch®, S3™, and/or Epic II® equipped with the *i*Bed Awareness® System [sic] and/or *i*Bed Wireless® [sic] and tied into a remote data reporting system, that directly infringes, either literally or under the doctrine of equivalents, at least claims 1 and 14 of the '592 patent.

ANSWER: Denied.

64.     Stryker's manufacture, use, importation, offer for sale, or sale of patient care beds with a bed status information system, including at least the InTouch®, S3™, and/or Epic II® equipped with the *i*Bed Awareness® System [sic] and/or *i*Bed Wireless® [sic] and configured to tie into a remote data reporting system, infringes, either literally or under the doctrine of equivalents, at least claims 1 and 14 of the '592 patent by contributing to and/or inducing the infringement.

ANSWER: Denied.

65.     Hill-Rom has been damaged by Stryker's infringement, and will continue to suffer damage and irreparable injury unless and until the infringement is enjoined by this Court.

ANSWER: Denied.

66.     Upon information and belief, Stryker is engaging in willful and deliberate infringement of the '592 patent.  Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this

action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

ANSWER: Denied.

**COUNT IX:  INFRINGEMENT OF THE '659 PATENT**

67. Hill-Rom incorporates paragraphs 1-66 as if fully set forth herein.

ANSWER: Stryker repeats and realleges its responses to paragraphs 1 through 66 of the Complaint as if fully set forth herein.

68. Stryker has manufactured, used, imported, offered for sale, or sold patient care beds with a bed status information system and a bed exit detection system, including at least the InTouch®, S3™, and/or Epic II® equipped with the *i*Bed Awareness® System [sic] and/or *i*Bed Wireless® [sic] and Chaperone® and tied into a remote data reporting system, that directly infringes, either literally or under the doctrine of equivalents, at least claim 8 of the '659 patent.

ANSWER: Denied.

69. Stryker's manufacture, use, importation, offer for sale, or sale of patient care beds with a bed exit detection system, including at least the InTouch®, S3™, and/or Epic II® equipped with equipped with *i*Bed Awareness® System [sic] and/or *i*Bed Wireless® [sic] and Chaperone® and configured to tie into a remote data reporting system, infringes, either literally or under the doctrine of equivalents, at least claim 8 of the '659 patent by contributing to and/or inducing the infringement.

ANSWER: Denied.

70. Hill-Rom has been damaged by Stryker's infringement, and will continue to suffer damage and irreparable injury unless and until the infringement is enjoined by this Court.

ANSWER: Denied.

71.     Upon information and belief, Stryker is engaging in willful and deliberate infringement of the '659 patent.  Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

ANSWER: Denied.

## JURY TRIAL

72.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues so triable.

ANSWER: Stryker admits that Hill-Rom has demanded a trial by jury on all issues so triable.

## HILL-ROM'S PRAYER FOR RELIEF

Stryker denies that Hill-Rom is entitled to any of the relief requested in the Complaint.

## STRYKER'S AFFIRMATIVE DEFENSES

Further answering the Complaint and as additional defenses thereto, Stryker asserts the following Affirmative Defenses, without assuming the burden of proof when such burden would otherwise be on Hill-Rom, and without prejudice to Stryker's right to plead additional defenses as discovery into the facts of the matter warrant:

### First Affirmative Defense

73.     Stryker has not infringed and does not directly, indirectly, willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe – either literally or under the doctrine of equivalents – any properly construed, valid and/or enforceable asserted claim of any of U.S. Patents Nos. 5,699,038, 5,771,511, 6,147,592, 7,237,287, 7,506,390,

7,520,006, 7,538,659, 7,568,246 and 7,669,263 (hereinafter referred to collectively as the "patents-in-suit").

### Second Affirmative Defense

74.     Each of the asserted claims of the patents-in-suit is invalid for failure to meet one or more conditions of patentability specified in 35 U.S.C. §§ 102, 103 and/or 112.

### Third Affirmative Defense

75.     Hill-Rom's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver and/or acquiescence as a result, *inter alia*, of delay in seeking to enforce the patents-in-suit against Stryker.

### Fourth Affirmative Defense

76.     Hill-Rom's claims are barred, in whole or in part, by the doctrine of prosecution history estoppel.

### Fifth Affirmative Defense

77.     Hill-Rom's damages, if any, are limited by 35 U.S.C. §§ 286 and/or 287.

### Sixth Affirmative Defense

78.     On information and belief, one or more of the plaintiffs does not own one or more of the patents-in-suit and accordingly lacks standing to pursue its claims against Stryker.

### Seventh Affirmative Defense

79.     Stryker will rely on any and all further defenses that become available or appear during discovery or other proceedings and specifically reserves the right to amend its pleadings to assert any such additional defenses or claims.

## COUNTERCLAIMS

Stryker Corporation and Stryker Sales Corporation (collectively "Stryker," unless otherwise specified) assert the following counterclaims against Hill-Rom Services, Inc., Hill-Rom Company, Inc. and Hill-Rom Manufacturing, Inc. (collectively "Hill-Rom," unless otherwise specified):

## THE PARTIES

80.     Stryker Corporation is a Michigan corporation having its principal place of business at 2825 Airview Boulevard, Kalamazoo, Michigan 49002.

81.     Stryker Sales Corporation is a Michigan corporation having its principal place of business at 2825 Airview Boulevard, Kalamazoo, Michigan 49002.

82.     On information and belief, Hill-Rom Services, Inc. is a corporation organized under the laws of Indiana and having a principal place of business at 1069 State Route 46 East, Batesville, Indiana 47006.

83.     On information and belief, Hill-Rom Company, Inc. is a corporation organized under the laws of Indiana and having a principal place of business at 1069 State Route 46 East, Batesville, Indiana 47006.

84.     On information and belief, Hill-Rom Manufacturing, Inc. is a corporation organized under the laws of Indiana and having a principal place of business at 1069 State Route 46 East, Batesville, Indiana 47006.

## JURISDICTION AND VENUE

85.     These counterclaims are for a declaratory judgment that U.S. Patents Nos. 5,699,038, 5,771,511, 6,147,592, 7,237,287, 7,506,390, 7,520,006, 7,538,659, 7,568,246 and 7,669,263 (hereinafter the "patents-in-suit"), and each and every asserted claim thereof, are

21

invalid and/or not infringed by the manufacture, use, sale, or offer for sale in the United States of any product of Stryker, or by the importation of any product of Stryker into the United States, or by any other act of Stryker.

86.      These counterclaims arise under the Patent Laws of the United States, Title 35, United States Code, and the Federal Declaratory Judgment Act.  This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

87.      This Court has personal jurisdiction over Hill-Rom because, *inter alia*, Hill-Rom has submitted itself to the jurisdiction of this Court by filing its Complaint in this judicial district.

88.      For the reasons stated in Stryker's Motion to Transfer Venue (Docket No. 19), Hill-Rom's claims should be litigated in the Southern District of Indiana, in which case these counterclaims should be litigated in that District as well.  Nevertheless, and without conceding that these claims should be litigated in this District, Stryker states that if Hill-Rom's claims are litigated in this District, then venue in this judicial district for the following counterclaims of Stryker is proper under 28 U.S.C. § 1391 and because Hill-Rom has consented to this venue by asserting and filing claims of patent infringement against Stryker in this judicial district.

89.      Hill-Rom has asserted that Stryker infringes one or more claims of each of the patents-in-suit.

90.      Stryker asserts that it does not infringe any properly construed, valid and/or enforceable asserted claim of any of the patents-in-suit.  Stryker also asserts that the asserted claims of the patents-in-suit are invalid for failure to meet one or more conditions of patentability specified in 35 U.S.C. §§ 102, 103 and/or 112.

91.      There exists an actual and justiciable controversy between Hill-Rom and Stryker with respect to the noninfringement and invalidity of the patents-in-suit, and each and every

asserted claim thereof.

## COUNT I
## DECLARATORY JUDGMENT FOR
## NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,699,038

92.     Stryker realleges and incorporates by reference the allegations of paragraphs 1 through 91, as if fully set forth herein.

93.     Stryker has not infringed and does not directly, indirectly, willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe – either literally or under the doctrine of equivalents – any properly construed, valid and/or enforceable asserted claim of U.S. Patent No. 5,699,038, and Stryker is not liable for infringement thereof.

94.     The asserted claims of U.S. Patent No. 5,699,038 are invalid because they fail to comply with one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 102, 103 and/or 112.

95.     Hill-Rom's claim for infringement of U.S. Patent No. 5,699,038 is barred for the reasons set forth in Stryker's Affirmative Defenses above.

## COUNT II
## DECLARATORY JUDGMENT FOR
## NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,771,511

96.     Stryker realleges and incorporates by reference the allegations of paragraphs 1 through 91, as if fully set forth herein.

97.     Stryker has not infringed and does not directly, indirectly, willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe – either literally or under the doctrine of equivalents – any properly construed, valid and/or enforceable asserted claim of U.S. Patent No. 5,771,511, and Stryker is not liable for infringement thereof.

98.     The asserted claims of U.S. Patent No. 5,771,511 are invalid because they fail to

comply with one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 102, 103 and/or 112.

99.     Hill-Rom's claim for infringement of U.S. Patent No. 5,771,511 is barred for the reasons set forth in Stryker's Affirmative Defenses above.

**COUNT III**
**DECLARATORY JUDGMENT FOR**
**NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 6,147,592**

100.    Stryker realleges and incorporates by reference the allegations of paragraphs 1 through 91, as if fully set forth herein.

101.    Stryker has not infringed and does not directly, indirectly, willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe – either literally or under the doctrine of equivalents – any properly construed, valid and/or enforceable asserted claim of U.S. Patent No. 6,147,592, and Stryker is not liable for infringement thereof.

102.    The asserted claims of U.S. Patent No. 6,147,592 are invalid because they fail to comply with one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 102, 103 and/or 112.

103.    Hill-Rom's claim for infringement of U.S. Patent No. 6,147,592 is barred for the reasons set forth in Stryker's Affirmative Defenses above.

**COUNT IV**
**DECLARATORY JUDGMENT FOR**
**NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 7,237,287**

104.    Stryker realleges and incorporates by reference the allegations of paragraphs 1 through 91, as if fully set forth herein.

105.    Stryker has not infringed and does not directly, indirectly, willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe – either literally

or under the doctrine of equivalents – any properly construed, valid and/or enforceable asserted claim of U.S. Patent No. 7,237,287, and Stryker is not liable for infringement thereof.

106.     The asserted claims of U.S. Patent No. 7,237,287 are invalid because they fail to comply with one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 102, 103 and/or 112.

107.     Hill-Rom's claim for infringement of U.S. Patent No. 7,237,287 is barred for the reasons set forth in Stryker's Affirmative Defenses above.

**COUNT V**
**DECLARATORY JUDGMENT FOR**
**NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 7,506,390**

108.     Stryker realleges and incorporates by reference the allegations of paragraphs 1 through 91, as if fully set forth herein.

109.     Stryker has not infringed and does not directly, indirectly, willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe – either literally or under the doctrine of equivalents – any properly construed, valid and/or enforceable asserted claim of U.S. Patent No. 7,506,390, and Stryker is not liable for infringement thereof.

110.     The asserted claims of U.S. Patent No. 7,506,390 are invalid because they fail to comply with one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 102, 103 and/or 112.

111.     Hill-Rom's claim for infringement of U.S. Patent No. 7,506,390 is barred for the reasons set forth in Stryker's Affirmative Defenses above.

## COUNT VI
## DECLARATORY JUDGMENT FOR
## NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 7,520,006

112.    Stryker realleges and incorporates by reference the allegations of paragraphs 1 through 91, as if fully set forth herein.

113.    Stryker has not infringed and does not directly, indirectly, willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe – either literally or under the doctrine of equivalents – any properly construed, valid and/or enforceable asserted claim of U.S. Patent No. 7,520,006, and Stryker is not liable for infringement thereof.

114.    The asserted claims of U.S. Patent No. 7,520,006 are invalid because they fail to comply with one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 102, 103 and/or 112.

115.    Hill-Rom's claim for infringement of U.S. Patent No. 7,520,006 is barred for the reasons set forth in Stryker's Affirmative Defenses above.

## COUNT VII
## DECLARATORY JUDGMENT FOR
## NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 7,538,659

116.    Stryker realleges and incorporates by reference the allegations of paragraphs 1 through 91, as if fully set forth herein.

117.    Stryker has not infringed and does not directly, indirectly, willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe – either literally or under the doctrine of equivalents – any properly construed, valid and/or enforceable asserted claim of U.S. Patent No. 7,538,659, and Stryker is not liable for infringement thereof.

118.    The asserted claims of U.S. Patent No. 7,538,659 are invalid because they fail to comply with one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§

102, 103 and/or 112.

119.   Hill-Rom's claim for infringement of U.S. Patent No. 7,538,659 is barred for the reasons set forth in Stryker's Affirmative Defenses above.

## COUNT VIII
## DECLARATORY JUDGMENT FOR
## NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 7,568,246

120.   Stryker realleges and incorporates by reference the allegations of paragraphs 1 through 91, as if fully set forth herein.

121.   Stryker has not infringed and does not directly, indirectly, willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe – either literally or under the doctrine of equivalents – any properly construed, valid and/or enforceable asserted claim of U.S. Patent No. 7,568,246, and Stryker is not liable for infringement thereof.

122.   The asserted claims of U.S. Patent No. 7,568,246 are invalid because they fail to comply with one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 102, 103 and/or 112.

123.   Hill-Rom's claim for infringement of U.S. Patent No. 7,568,246 is barred for the reasons set forth in Stryker's Affirmative Defenses above.

## COUNT IX
## DECLARATORY JUDGMENT FOR
## NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 7,669,263

124.   Stryker realleges and incorporates by reference the allegations of paragraphs 1 through 91, as if fully set forth herein.

125.   Stryker has not infringed and does not directly, indirectly, willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe – either literally or under the doctrine of equivalents – any properly construed, valid and/or enforceable asserted

claim of U.S. Patent No. 7,669,263, and Stryker is not liable for infringement thereof.

126.    The asserted claims of U.S. Patent No. 7,669,263 are invalid because they fail to comply with one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 102, 103 and/or 112.

127.    Hill-Rom's claim for infringement of U.S. Patent No. 7,669,263 is barred for the reasons set forth in Stryker's Affirmative Defenses above.

## REQUEST FOR RELIEF

WHEREFORE, STRYKER respectfully requests that the Court enter an Order:

A.    Dismissing Hill-Rom's Complaint and all of Hill-Rom's claims against Stryker with prejudice;

B.    Declaring that Stryker has not infringed and does not directly, indirectly, willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe any asserted claim of the patents-in-suit;

C.    Declaring that the patents-in-suit are invalid;

D.    Declaring that Hill-Rom's claims under the patents-in-suit are barred;

E.    Declaring that this is an exceptional case pursuant to 35 U.S.C. § 285 and award Stryker its attorneys fees and full costs of suit; and

F.    Awarding Stryker such other and further relief as this Court deems just and appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Stryker respectfully demands a trial by jury as to all issues in this lawsuit so triable.

Date:  June 6, 2011                    Respectfully submitted,


                                       //s//Kristin Graham Noel            
                                       Anthony A. Tomaselli
                                       Kristin Graham Noel
                                       QUARLES & BRADY LLP
                                       33 East Main Street
                                       Suite 900
                                       Madison, WI 53703
                                       Phone: (608) 251-5000
                                       Fax: (608) 251-9166


                                       Chris Lind
                                       Steven E. Derringer
                                       Benjamin Whiting
                                       BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
                                       54 West Hubbard Street
                                       Suite 300
                                       Chicago, IL 60654
                                       Phone: (312) 494-4400
                                       Fax: (312) 494-4440

                                       Attorneys for Defendants and Counterplaintiffs
                                       Stryker Corporation and Stryker Sales Corporation